IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC A. FREELAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| LORENZINI & ASSOCIATES, LTD., ) | |
| an Illinois corporation and ) | Plaintiff Demands a |
| RONALD N. LORENZINI, JR., individually, ) | Trial by Jury |
| ) | |
| Defendants. ) | |

## COMPLAINT

Now comes the plaintiff, Eric A. Freeland, by his attorneys, Favaro & Gorman, Ltd., and for his Complaint against the defendants, Lorenzini & Associates, Ltd., an Illinois corporation, and Ronald N. Lorenzini, Jr., individually, states and alleges as follows:

## PARTIES

1. Plaintiff, Eric A. Freeland (hereinafter "Freeland") is a citizen of and domiciled in Tennessee.

2. Defendant, Lorenzini & Associates, Ltd. (hereinafter "Lorenzini & Associates") is an Illinois corporation with its principal place of business and registered agent in Plainfield, Will County, Illinois, and, as such, is a citizen of Illinois.

3. Defendant, Ronald N. Lorenzini, Jr. (hereinafter "Lorenzini") is a citizen of and domiciled in Illinois.

4. Lorenzini is the owner, president and secretary of Lorenzini & Associates.

## JURISDICTION AND VENUE

5. This court has original jurisdiction of this action under 28 U.S.C. §1332(a)(1) because (i) the matter in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and (ii) this action is between citizens of different states.

6. Venue in this judicial district is proper under 28 U.S.C. §1391(b)(1) and (2) because (i) both defendants reside in this judicial district, and (ii) a substantial part of the events or omissions giving rise to Freeland's claims occurred in this judicial district.

## Facts

7. In October 2000, Freeland began working for Lorenzini & Associates as an attorney.

8. Freeland remained employed in that capacity until August 12, 2019.

9. In May 2003, Lorenzini & Associates and Freeland agreed that Freeland would receive an annual base salary of $100,000.00 to be paid in 24 installments of $4,166.67 each on the 15th and last day of each month.

10. In addition to the agreed-upon base salary, Freeland would periodically receive bonuses.

11. The aforesaid agreement remained in place thereafter, until Freeland left the employment of Lorenzini & Associates on August 12, 2019.

12. From the beginning of Freeland's employment with Lorenzini & Associates until 2017, Lorenzini & Associates provided health insurance to Freeland and paid a portion of the premium for that health insurance as a benefit of his employment.

13. In February 2017, BlueCross BlueShield of Illinois informed Freeland it would no longer accept third-party employer checks as payment for his individual health

2

insurance premium and he would need to pay his health insurance premiums with personal checks.

14. Upon discussion between Lorenzini and Freeland, the parties agreed that Freeland would pay the health insurance premiums to BlueCross BlueShield of Illinois by personal checks and Lorenzini & Associates would reimburse Freeland for what he paid, less his current contribution.

15. Beginning in 2015, the frequency and amounts of Freeland's pay became irregular.

16. His semi-monthly salary payments, if paid, would be paid late and/or in less than the appropriate amount.

17. Freeland was not paid his full base salary for the years 2015, 2016, 2017 and 2019 to August 12, 2019.

18. Freeland has never been reimbursed for the health insurance premiums he paid.

## Count I

### Breach of Contract Against Lorenzini & Associates, Ltd.

19. Freeland restates and realleges as though fully set forth herein paragraphs 1 through 18 above.

20. Freeland brings Count I against Lorenzini & Associates for breach of contract.

21. The agreements regarding salary and health insurance between Lorenzini & Associates and Freeland were contracts of employment.

22. Lorenzini & Associates breached those contracts by failing to pay Freeland his full base salary for the years 2015, 2016, 2017 and 2019 to August 12, 2019 and failing to reimburse Freeland for the health insurance premiums he paid.

23. Freeland suffered damages in the form of his lost compensation and unpaid reimbursement of the health insurance premium paid by Freeland as the direct result of Lorenzini & Associates' breach of those employment contracts.

Wherefore, plaintiff, Eric A. Freeland, requests judgment in his favor and against defendant, Lorenzini & Associates, Ltd. awarding him:

    a. Damages in an amount to be determined but not less than $229,439.44; and

    b. Costs of this action.

## Count II

### Violation of the Illinois Wage Payment and Collection Act
### Against Lorenzini & Associates, Ltd.

24. Freeland restates and realleges as though fully set forth herein paragraphs 1 through 18 above.

25. Freeland brings Count II against Lorenzini & Associates for violation of the Illinois Wage Payment and Collection Act (hereinafter, the "Wage Act"), 820 ILCS 115/1 *et seq.*

26. Lorenzini & Associates is Freeland's "employer" and Freeland is Lorenzini & Associates' "employee" as those terms are defined in the Wage Act, 80 ILCS 115/2.

27. The Wage Act requires all wages earned by an employee during a semi-monthly pay period be paid to such employee not later than thirteen (13) days after the end of the pay period in which such wages are earned. 80 ILCS 115/4.

28. Lorenzini & Associates violated the Wage Act by failing to pay Freeland his full base salary for the years 2015, 2016, 2017 and 2019 to August 12, 2019.

29. In addition to the unpaid salary, pursuant to the Wage Act (820 ILCS 115/14), Freeland is entitled to damages of 2% of the amount of unpaid wages for each month the unpaid wages remain unpaid, plus his attorneys' fees and costs.

30. Freeland suffered damages in the form of lost compensation as the direct result of Lorenzini & Associates violation of the Wage Act.

Wherefore, plaintiff, Eric A. Freeland, requests judgment in his favor and against defendant, Lorenzini & Associates, Ltd. awarding him:

   a. Unpaid wages in an amount to be determined but not less than $166,116.92.

   b. Damages of 2% of the amount of the unpaid wages for each month the unpaid wages remain unpaid;

   c. Attorneys' fees; and

   d. Costs of this action.

### Count III

### Violation of the Illinois Wage Payment and Collection Act
### Against Ronald N. Lorenzini, Jr.

31. Freeland restates and realleges as though fully set forth herein paragraphs 1 through 29 above.

32. Freeland brings Count III against Ronald N. Lorenzini, Jr., individually, for violation of the Wage Act.

33. The definition of "employer" in the Wage Act includes an individual acting directly or indirectly in the interests of an employer with regard to an employee. 80 ILCS 115/2.

34. Under the Wage Act any officer of a corporation who knowingly permits the corporate employer to violate the Wage Act shall be deemed a "employer". 80 ILCS 115/13.

35. Lorenzini acted directly in the interests of Lorenzini & Associates by withholding Freeland's earned base salary in violation of his employment agreement with Lorenzini & Associates and Lorenzini is, as president and secretary of Lorenzini & Associates, an officer who knowingly permitted violation of the Wage Act.

Wherefore, plaintiff, Eric A. Freeland, requests judgment in his favor and against defendant, Ronald N. Lorenzini, Jr., awarding him:

   a. Unpaid wages in an amount to be determined, but not less than $166,116.92;

   b. Damages of 2% of the amount of the unpaid wages for each moth the unpaid or underpaid wages remain unpaid;

   c. Attorneys' fees; and

   d. Costs of this action.

## JURY DEMAND

Freeland demands a trial by jury.

Respectfully Submitted,

Favaro & Gorman, Ltd.

By: /s Dennis R. Favaro
One of the plaintiff's attorneys

Dennis R. Favaro
dfavaro@favarogorman.com
Patrick J. Gorman
pgorman@favarogorman.com
Favaro & Gorman, Ltd.
835 Sterling Avenue
Suite 100
Palatine, Illinois 60067
(847) 934-0060